OPINION OF THE COURT
Sondra Miller, J.
Petitioner, Mental Health Legal Services, seeks an order restraining the Commission on Quality Care for the Mentally Disabled from authorizing the operation of surrogate decision-making panels with less than four panel members. Respondent cross-moves for an order dismissing the proceeding for failure to state a cause of action. The petition granted and cross motion denied.
The Commission on Quality Care for the Mentally Disabled is a State agency within the Executive Department. (Mental Hygiene Law § 45.03 [a].) It is a permanent agency responsible *24 for (a) studying and reporting publicly on any aspect of the mental hygiene system of New York State, (b) assisting the Governor in determining policies, plans and programs for improving the administration of mental health facilities and services to ensure quality care, and also (c) administering certain programs related to services provided for the mentally ill, mentally retarded and physically handicapped. Among these programs is the Surrogate Decision-Making Committee program (SDMC) established pursuant to Mental Hygiene Law article 80, which program is the subject matter of this proceeding.
The purpose of the SDMC program, enacted in 1985 (L 1985, ch 354), is to test a new approach aimed at expediting and facilitating major medical treatment for mentally ill patients by utilization of a nonjudicial surrogate decision-making procedure, and thereby avoiding the delay of court proceedings to determine (a) the capacity of the patient to provide informed consent for medical treatment, (b) the availability of an authorized and willing surrogate to act for the patient, and (c) the best interest of the patient, taking into consideration the patient’s values and preferences.
This demonstration project is a two-year experiment, limited to two geographical areas of the State. The statute provides that the SDMC shall conduct hearings through panels composed of four persons (Mental Hygiene Law § 80.03) selected from four different and distinct categories of persons including, "(i) physicians, nurses, psychologists, social workers or other health care professionals licensed by the state of New York; (ii) former patients or parents, spouses, adult children or siblings of mentally disabled persons; (iii) attorneys admitted to the practice of law in New York state; and (iv) other persons, including advocates for the mentally disabled, with recognized expertise or demonstrated interest in care and treatment of mentally disabled persons” (Mental Hygiene Law § 80.05 [c]; 14 NYCRR 710.2 [p]). Three panel members must concur on a panel decision. (Mental Hygiene Law § 80.07 [e].) The enactment is effective April 1, 1986 and remains in force until July 31, 1988. The Commission is directed to make an independent evaluation report to the Governor and Legislature no later than January 31, 1988, reflecting the effectiveness of the project with recommendations as to its continuation or modification. From April 1, 1986 until October 15, 1987, 330 cases have been decided by the SDMC panels. However, in 40 of those cases (12%), the panel was composed *25 of 3 rather than 4 members as designated by the statute and regulations.
The issue presented in this proceeding is whether the operation of the panel with only three members present is in violation of the statute and should be enjoined. Respondent contends there is no violation, arguing that the "quorum rule”, provided in General Construction Law §41 applies, permitting a body charged with a public duty to perform with a majority (rather than all) of its members present. Petitioner contends that the "quorum rule” is inapplicable in this case since a "clear contrary intent” is expressed in the statutory language (General Construction Law § 110), in that the four panel members designated are required to be selected from distinctly different categories and their different points of view and perspectives are specifically required by statute in order that the panel function.
While I am sympathetic with the practical difficulties apparently faced by the Commission in assembling panels from the specified four categories, and of the inconvenience, duplication of effort and even potential harm that may result from adjourning a panel due to failure of one of the panelists to appear, I nonetheless agree with the petitioner’s contentions that the Legislature intended the panel to operate only when representatives of all four categories are present. Application of the quorum rule in this case would violate the very principle which inspired the detailed designation of those categories of persons, which the Legislature apparently considered essential as a substitute for judicial intervention in these sensitive proceedings. The fact that concurrence of only three panelists is required is in no way inconsistent with the requirement that four attend, since it is the expression of particular points of view, not unanimity that the Legislature intended. The holding of Rent Stabilization Assn. v Rent Guidelines Bd. (98 Misc 2d 312 [Sup Ct, NY County 1978]) upon which respondent relies is easily distinguishable from the case at bar. There the function of the board was legislative as distinguished from the function of the panel, which is adjudicative. That board was engaged in rule making, a legislative function requiring no hearing, whereas the panel is required specifically to hear and determine facts pertaining to each individual patient. Since the panel was created in order to conduct hearings and determine the competence and best interests of patients, markedly different considerations are obviously in *26 issue than those before a board concerned with setting rent guidelines.
Since the Commission is required, pursuant to the statutory enactment of this experimental program to present a report to the Legislature and Governor with recommendations no later than January 31, 1988, the committee has an opportunity immediately to seek modification of those provisions of the statute which may be impractical or overly burdensome. It would be beyond the bounds of appropriate judicial discretion for this court to modify express statutory provisions which appear to have evolved as a result of deliberate legislative consideration of a multitude of factors. Pending a legislative modification consistent with the Commission’s recommendations and needs, efforts should be made to emphasize to all panel members their significant responsibilities for attending scheduled panel meetings. Perhaps alternates can be selected, and, in extreme circumstances, the emergency provisions of Public Health Law § 2504 may be invoked.
Accordingly, the respondent is enjoined from operating the SDMC panels with less than four members, representing the categories set forth in Mental Hygiene Law § 80.05 (c).